**Chao CHEN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General of the United States, Respondent.**

**No. 04–4521–AG.**

United States Court of Appeals, Second Circuit.

Feb. 15, 2006.

Frank R. Liu, New York, New York, for Petitioner.

Patrick L. Meehan, United States Attorney for the District of Eastern Pennsylvania, Virginia A. Gibson and Margaret L. Hutchinson, Assistant United States Attorneys for the District of Eastern Pennsylvania, Philadelphia, Pennsylvania, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. JOSÉ A. CABRANES, and Hon. RICHARD C. WESLEY, Circuit Judges.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

Gonzales is automatically substituted for former Attorney General John Ashcroft.

## SUMMARY ORDER

Chao Chen petitions for review of the BIA's July 2004 decision affirming an immigration judge's ("IJ's") final order of removal. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

This Court reviews the IJ's decision where, as here, the BIA summarily affirms or adopts the IJ's decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS*, 232 F.3d, 279, 287 (2d Cir.2000)).

Here, substantial evidence supports the IJ's finding that Chen was not credible. First, the IJ properly found that, because Chen had little exposure to Falun Gong back in China and proved little commitment to it in the United States, he failed to establish a well-founded fear of persecution. According to Chen, he practiced Falun Gong on only two different occasions for a total of approximately one hour. He was never arrested, detained or persecuted for this. In fact, the entirety of his past persecution claim consisted of his father telling him that the police came looking for him at their home. While there is no minimum of personal harm the applicant must show to establish persecution, the applicant bears the burden of providing sufficiently detailed and persuasive testimony. *Abankwah v. INS*, 185 F.3d 18, 22 (2d Cir.1999). The IJ properly found that Chen had not suffered past persecution, concluding that he himself had not "endured great hardship from the government."

Second, the IJ also properly placed emphasis on Chen's demeanor as he was testifying, and this should be given strong deference. In *Zhang v. INS*, this Court explained that fact-finders who observe a witness' testimony are in the best position to determine if the individual is telling the truth. 386 F.3d 66, 73 (2d Cir.2004). The IJ stated that Chen appeared "frustrated" and "nervous" and, at times, took a long time to answer. The IJ's findings regarding Chen's demeanor should be given deference in this case because they appear to go directly to the issue of whether Chen was giving truthful testimony.

An adverse credibility determination, which includes a finding that the applicant failed to establish a fact that "formed the only potentially valid basis" for the claim, may be a proper basis for the denial of CAT relief. *See Yang v. U.S. Dept. of Justice*, 426 F.3d 520, 523 (2d Cir.2005). An IJ, however, must deny CAT relief separately from asylum and withholding. *See Chen v. U.S. Dept. of Justice*, 426 F.3d 104 (2d Cir.2005) (holding that, although the IJ did not explicitly analyze the CAT claim, the denial of the claim was "linguistically" separate from the denials of asylum and withholding under the INA). In the instant case, the IJ specified no separate grounds for the denial of CAT relief, but based his general denial of all relief on Chen's lack of credibility. Moreover, the IJ's adverse credibility finding focused on Chen's claims of persecution. Thus, because the IJ's ruling relied on adverse credibility grounds that relate to the likelihood that Chen would be tortured, there was a proper basis for the denial of CAT relief.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).